IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Janice M. Kasprzak,                  Case No. 3:04CV7314

       Plaintiff

       v.                                    ORDER

DaimlerChrysler Corp., et al.,

       Defendants

This is a sexual harassment case. Plaintiff Janice Kasprzak brought suit against her co-worker, Theodore Stelmaszak, and her employer, DaimlerChrysler (D/C). Jurisdiction exists under 28 U.S.C. § 1331.

Pending is defendant D/C's motion to vacate this court's September 9, 2005, Order granting in part and denying in part summary judgment. For the following reasons that motion will be denied.

**Background**

Kasprzak alleges Stelmaszak harassed her repeatedly beginning in January, 2001, and continuing through at least April, 2002. She provided considerable evidence to support her contentions. Kasprzak also claims she informed management of the harassment on separate occasions in June, August, and September, 2001, and again in March and April, 2002.

D/C began an investigation in April, 2002. During the course of that inquiry, the company interviewed a number of witnesses, including Kasprzak and Stelmaszak, but did not, according to the plaintiff, interview a number of witnesses plaintiff specifically identified.

The company concluded Kasprzak and Stelmaszak had engaged in a consensual relationship. It decided to reassign the plaintiff, rather than Stelmaszak, to another part of the plant. Kasprzak

complained that Stelmaszak still sought her out and harassed her in her new location. She reported these problems, but, she alleges, the company took no action.

On September 9, 2005, I issued an order granting in part and denying in part defendants' motion for summary judgment. Specifically, I ruled: "an employer may be held liable when its remedial response is merely negligent, no matter how well-intentioned." Order of September 9, 2005, p. 6 (Doc. 53) (citing *Collette v. Stein-Mart, Inc.*, 126 Fed.Appx. 678, 684 at n.3 (6th Cir. 2005)). D/C contends that standard applies only to an employer's remedial response to a supervisor's harassing conduct and not to a co-worker's conduct. Consequently, they argue I applied the wrong standard and that the September 9 Order is erroneous.

## Discussion

To prevail on her claim of co-worker sexual harassment, Kasprzak must show: 1) she is a member of a protected class; 2) she was subject to unwelcome sexual harassment; 3) the harassment was based on her sex; 4) the harassment unreasonably interfered with her work performance and created a hostile work environment; and 5) her employer knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action. *Fleenor v. Hewitt Soap Co.*, 81 F.3d 48, 50 (6th Cir. 1996). There is no question Kasprzak has presented sufficient evidence on the first four elements. D/C contends, however, Kasprzak cannot establish the fifth element and that I applied an incorrect standard in evaluating it.

To determine what constitutes "prompt and appropriate corrective action" in response to co-worker sexual harassment, D/C argues that, in co-worker harassment cases, "[w]hen an employer implements a remedy, it can be liable for sex discrimination in violation of Title VII only if that remedy exhibits such indifference as to indicate an attitude of permissiveness that amounts to

discrimination." *Blankenship v. Parke Care Centers, Inc.*, 123 F.3d 868, 873 (6th Cir.1997). The company argues Kasprzak cannot overcome this affirmative defense because, "[w]hen an employer responds with good-faith remedial action ... the employer has [not] itself committed an act of discrimination." *Id.*

The Sixth Circuit also adopted this standard to govern an employer's liability for its response to sexual harassment by a supervisor. *Weigold v. ABC Appliance Co.*, 105 Fed.Appx. 702, 709-10 (6th Cir. 2004). In 1998, the Supreme Court rejected this "good faith remedy" affirmative defense in instances of sexual harassment by a supervisor. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 758-59 (1998); *Faragher v. Boca Raton*, 524 U.S. 775, 799 (1998). While not addressing co-worker harassment in particular, the court specifically noted that in co-worker harassment cases, an employer's liability is direct, not vicarious, and, consequently, the employer is liable for its own negligence. *Ellerth*, 524 U.S. at 758-59, 762-65.

In response, the Sixth Circuit has recognized that, in the supervisor situation, the "good faith remedy" defense announced in *Blankenship* is no longer good law. *Fenton v. HiSAN, Inc*., 174 F.3d 827, 829-30 (6th Cir.1999), *Collette*, 126 Fed.Appx. at 684 n.3. Yet, in *Fenton*, the Sixth Circuit reaffirmed the viability of the "good faith remedy" defense in co-worker situations. *Fenton*, 174 F.3d at 829-30. *Collette*, however, delivered four years after *Fenton*, speaks of *Blankenship* being overruled generally and relies on a case holding that the "good faith remedy" defense is no longer good law in any situation. 126 Fed.Appx at 684 n.3. In addition, many other jurisdictions have also concluded the "good faith remedy" defense is no longer viable in any sexual harassment case. *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001) (quoting *Faragher*, 524 U.S. at 789);

3

*Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1035 (7th Cir. 1998); *Madeja v. MPB Corp.*, 149 N.J. 371, 378 (2003) (applying state law analogous to Title VII).

Nevertheless, defendants rightly cite a recently filed unpublished opinion in which the Sixth Circuit reaffirmed that, in instances of co-worker harassment, an employer is not liable for its employee's harassment if its remedial response was made in good faith. *Rudd v. Shelby Cty.*, 2006 WL 20555, *1 (6th Cir. 2005) (citing *Blankenship*, at 873). Consequently, defendants are correct - I cited the wrong standard in the September 9 Order.[1]

Nevertheless, Kasprzak has still submitted sufficient evidence to proceed on her sexual harassment claim. D/C can only prevail if no jury could conclude the company failed to take prompt and appropriate corrective action. *Fleenor*, 81 F.3d at 50. The company cannot be liable merely because it was negligent in fashioning the remedy itself. *Fenton*, at 829-30.

Here, however, a jury could conclude D/C's response was neither prompt nor appropriate. Kasprzak originally complained to management of Stelmaszak's behavior in July, 2001. She continued to complain to her superiors regularly until the company finally launched an investigation in April, 2002, almost a year later. A jury could find that response was not prompt.

In addition, a jury might also conclude the investigation was not appropriate. Plaintiff has submitted evidence that the defendant failed to interview a number of witnesses she specifically identified as having information concerning the harassment.

---

[1] I still have serious doubts about the viability of the "good faith remedy" affirmative defense. As noted above, the logic of *Ellerth* and *Faragher* seem to reject it, a conclusion which other jurisdictions share. *See* p. 2, *supra*. In addition, it is not at all clear that a majority of the panel in *Blankenship* itself supported the "good faith remedy" defense. Two of the three judges on that panel filed concurring opinions expressing doubt specifically about that part of the opinion, but nevertheless concurred in the judgment. *Blankenship*, at 875 (Merrit, J. concurring); *Blankenship*, at 875-77 (Ryan, J. concurring).

Moreover, a jury could also conclude the company's remedy was not fashioned in good faith. D/C's response to the harassment resulted in a transfer of Kasprzak to a different part of the plant. It restricted access to certain areas of the facility. She lost seniority, hours, and opportunity for overtime. From this a jury could conclude defendants acted not in good faith, but in bad faith.

Finally, Kasprzak also testified that, after her transfer, Stelmaszak continued to harass her at work. She reported these incidents to her supervisor, but D/C took no action. In light of this and all of the foregoing circumstances, a jury could conclude D/C's remedy for Stelmaszak's harassing behavior amounted to "such indifference as to indicate an attitude of permissiveness that amounts to discrimination." *Blankenship*, at 873.

## Conclusion

In light of the foregoing, it is hereby

ORDERED THAT the defendants' motion to vacate the Order of September 9, 2005, shall be, and the same hereby is denied.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge